PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEVIO D. MACK, | ) |
| | ) CASE NO. 3:14cv1628 |
| Petitioner, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| JASON BUNTING, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Respondent. | ) **ORDER** [Resolving ECF No. 1] |

*Pro se* Petitioner Levio D. Mack filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is currently incarcerated in the Marion Correctional Institution, having pled guilty in 1994 to one count of aggravated murder without the capital specifications but with a firearm specification, and one count of aggravated robbery without specifications. Respondent Jason Bunting is the Warden at Petitioner Marion Correctional Institution. Petitioner claims he is entitled to habeas relief because: (1) his conviction was obtained in violation of the Fourteenth Amendment Due Process Clause; and (2) his conviction was obtained in violation of the Fifth Amendment Double Jeopardy Clause. For the reasons set forth below, the petition is denied and the action is dismissed.

**I. Background**

Petitioner was indicted on January 14, 1994, on the following charges: Count 1, aggravated murder with two capital specifications and one firearm specification; Count 2, aggravated robbery with three specifications; Count 3, aggravated robbery with one specification;

(3:14cv1628)

and Count 4, aggravated arson with one specification.[1] See State v. Mack, No. 13AP–884, 2014 WL 1515478, at *1 (Ohio App. 10 Dist. Apr. 17, 2014). He pled guilty to a stipulated lesser included offense of Count 1, aggravated murder without the capital specifications but with the firearm specification, and to Count 3, aggravated robbery without the specification. Id. The trial court entered a *nolle prosequi* for Counts 2 and 4. Id. The trial court sentenced Petitioner on June 1, 1994 to twenty years to life with an additional three years actual incarceration for use of a firearm on Count 1, and to six to twenty-five years incarceration on Count 3, to be served consecutively with the sentence imposed for Count 1. Id.

Petitioner filed a direct appeal to the Ohio Tenth District Court of Appeals, which was dismissed for failure to prosecute on September 7, 1994. Id. The Supreme Court of Ohio denied Petitioner's Motion to file a delayed appeal from that decision on December 18, 1996. *See State of Ohio v. Mack*, No. 1996-2417 (Ohio S. Ct. filed Oct. 30, 1996). Petitioner also filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of Ohio. *See Mack v. Russell*, No. 2:95 CV 757 (S.D. Ohio Apr. 3, 1996). The petition was dismissed without prejudice for failure to exhaust state court remedies. He filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Southern District of Ohio on March 20, 1997. *See Mack v. Russell*, No. 2:97 CV 438 (S.D. Ohio Mar. 5, 1999). That petition was dismissed without prejudice by stipulation of the parties.

In 1999, Petitioner filed a motion in the Ohio Tenth District Court of Appeals, which the

---

[1] The trial docket for Petitioner's case (94 CR 000201) may be accessed online at http://www.franklincountyohio.gov/clerk/.

(3:14cv1628)

court construed as one for a delayed appeal. The Court granted the motion but ultimately affirmed the trial court's judgment on grounds unrelated to the issues presented in the appeal. See *State v. Mack*, No. 13AP–884, 2014 WL 1515478, at *2 (Ohio App. 10 Dist. Apr. 17, 2014). The Supreme Court denied Petitioner leave to appeal that decision. See *State of Ohio v. Mack*, No. 1999-1734, 720 N.E.2d 541 (Ohio 1999) (table).

In 2004, Petitioner filed a motion to withdraw his guilty plea, which the trial court denied on April 12, 2004. See *State v. Mack*, No. 13AP–884, 2014 WL 1515478, at *1. In 2013, he filed a motion for issuance of a final appealable order which the trial court interpreted as a petition for post-conviction relief. The trial court denied the petition because it was untimely, barred by *res judicata*, and lacked merit. *Id.*

Petitioner appealed that decision to the Ohio Tenth District Court of Appeals. He raised two assignments of error:

> 1. Whether the trial court's recharacterization of appellant's motion for issuance of a final appealable order as a postconviction relied [sic] petition, untimely, and barred by *res judicata* offends due process and implicates fundamental fairness.
>
> 2. Whether the trial court's failure to "inquire" and "determine" the existence of an allied offense of similar import did violate due process and the Fifth Amendment's Double Jeopardy Clause, which protections cannot be waived.

*Id.* The court of appeals affirmed the decision of the trial court based solely on the grounds of *res judicata*. The court of appeals determined that regardless of how the trial court construed the motion, it was correctly denied on *res judicata* grounds because the grounds contained in the motion as well as the appellate claim concerning allied offenses could have been raised in

3

(3:14cv1628)

Petitioner's direct appeal.  *Id.*

Petitioner appealed that decision to the Supreme Court of Ohio.  He asserted two propositions of law:

> 1.  Regardless of 'recharacterization' or 'reclassification' of a proceeding for relief from a facially void judgment, due process and fundamental fairness requires a trial court to ignore the procedural irregularities of the proceeding; to vacate the void judgment, and to resentencing [sic] the offender in accordance with established law.  see O.R.C. § 2945.06.
>
> 2.  Where, as here, the record is inherently manifest that the 'multiple offenses' constitute 'allied offenses of similar import,' due process and te Federal Constitution's Fifth Amendment double Jeopardy Protections (which cannot be waived) are suspended when a trial court completely fails to 'inquire' and 'determine' whether those offenses were/are actually allied offenses of similar import.

*State of Ohio v. Mack*, No. 2014-0717, 11 N.E. 3d 285 (Ohio 2014) (table).  The Supreme Court of Ohio declined jurisdiction on June 25, 2014.

Petitioner has now filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He asserts two grounds for relief:

> 1.  Conviction obtained in violation for [sic] Federal Constitution's Fourteenth Amendment's Due Process Clause.
>
> 2.  Conviction obtained in violation of Federal Constitution's Fifth Amendment Double Jeopardy Clause as codified by Ohio Revised Code § 2941.25(A).

ECF No. 1 at 13, 20.

With regard to his first ground for relief, Petitioner states that because he was indicted for aggravated murder with death penalty specifications, he was required to be sentenced by a three-

4

(3:14cv1628)

judge panel, even if his plea bargain removed the death penalty specification. ECF No. 1 at 16. He asserts the three-judge panel is a jurisdictional requirement under Ohio law, and his sentence pronounced by only one judge was void. Id. at 17. He contends he was therefore deprived of his liberty without due process.

With regard to his second ground for relief, Petitioner contends that the offenses of which he was convicted, aggravated murder and aggravated robbery, are allied offenses of similar import and he therefore cannot be convicted of both offenses. Id. at 23–24. He contends he was subjected to double jeopardy in violation of the Fifth Amendment and his conviction is null and void.

**II.  Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. Lindh v. Murphy, 521 U.S. 320, 336 (1997); *see also* Woodford v. Garceau, 538 U.S. 202, 210 (2003); Barker v. Yukins, 199 F.3d 867, 871 (6th Cir. 1999). AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" Woodford, 538 U.S. at 206 (citing Williams v. Taylor, 529 U.S. 420, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. Wilkins v. Timmerman-Cooper, 512 F.3d 768, 774–76 (6th Cir. 2008). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28

(3:14cv1628)

U.S.C. § 2254(e)(1); *Wilkins*, 512 F.3d at 774. A federal court may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d at 774–76.

A decision is contrary to clearly established law under 28 U.S.C. § 2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of . . . clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, rather than dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under 28 U.S.C. § 2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528–29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v.*

6

(3:14cv1628)

*Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

### III.  Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles.  Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b); *see Baldwin v. Reese*, 541 U.S. 27 (2004).  A petitioner satisfies the exhaustion requirement when he presents his claims to a state supreme court for review of his claims on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

A claim is properly exhausted, when it has been "fairly presented" to the state courts.  *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003).  Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim.  *Wagner*, 581 F.3d at 414.  In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question, (2) relied upon federal cases employing the constitutional analysis in question, (3) relied upon state cases employing the federal constitutional analysis in question, or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law."

(3:14cv1628)

See *Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000)).  For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.  *Koontz v. Glossa,* 731 F.2d 365, 369 (6th Cir. 1984).  Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court.  *Wong v. Money,* 142 F.3d 313, 322 (6th Cir. 1998).  It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court.  *Id.*  This does not mean that the petitioner must recite "chapter and verse" of constitutional law, but he is required to make a specific showing of the alleged claim.  *Wagner,* 581 F.3d at 415.

     The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir.1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary.  See *Coleman*, 501 U.S. at 735.

     To determine if a claim is procedurally defaulted, a court must determine whether: (1)

(3:14cv1628)

there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule, (2) whether the state courts actually enforced the state procedural sanction, and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. If a petitioner fails to show cause for his procedural default, the court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they had not been exhausted or because they are procedurally defaulted are not cognizable on federal habeas review.

### IV. Analysis

Petitioner's claims are procedurally defaulted. Ohio has a rule that claims must be raised on direct appeal if possible; otherwise, *res judicata* bars their litigation in subsequent state proceedings. *See State v. Perry*, 10 Ohio St.2d 175, 180 (1967); *see also Buell v. Mitchell*, 274 F.3d 337, 348–49 (6th Cir. 2001). The Ohio courts applied this rule in Petitioner's case. He presented the claim in his habeas petition to the trial court for the first time in 2013, nineteen years after his conviction. Prior to this motion to the trial court, Petitioner had filed two direct

9

(3:14cv1628)

appeals. The trial court construed his motion as a petition seeking post-conviction relief, and found it to be untimely and barred by *res judicata*. The court of appeals affirmed the trial court's decision, also finding the claims to be barred by *res judicata* because Petitioner could have raised these issue in his direct appeal. The Supreme Court of Ohio denied jurisdiction. Ohio courts have consistently held that claims that can be adjudicated based on facts in the record can only be presented on direct appeal. *Res judicata* is an adequate and independent state ground which forecloses review of the federal constitutional question presented. *Seymour v. Walker*, 224 F.3d 542, 555–56 (6th Cir. 2000). Because the state actually enforced the procedural rule against Petitioner and that rule presents an adequate and independent state ground for foreclosing federal habeas review, the grounds for relief asserted in this petition have been procedurally defaulted.

Petitioner can overcome this procedural default by showing: (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin*, 785 F.2d at 138; *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493–94

10

(3:14cv1628)

(1991)).  To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage."  *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Petitioner does not offer cause for his failure to raise his claims in his first or second appeals.  Instead, he asserts that the Ohio Court of Appeals was mistaken in its application of the doctrine of *res judicata* to these claims.  He argues he can assert challenges to a void judgment at any time.  A federal habeas court does not review whether a state court correctly applied its own law concerning procedural bars.  Petitioner does not suggest a factor external to the defense prevented him from asserting these claims in the correct manner.  He therefore has not demonstrated cause for the default.  Absent a showing of cause for the default, the Court does not need to address whether Petitioner has demonstrated actual prejudice.  *See Murray*, 477 U.S. at 533.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense.  *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495–96).  Petitioner does not claim he is innocent of the underlying crimes.  There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

## V.  Conclusion

Petitioner's petition for a writ of habeas corpus is dismissed pursuant to 28 U.S.C.

11

(3:14cv1628)

§1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.[2]  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

      IT IS SO ORDERED.

| | |
|---|---|
| February 27, 2015 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

  [2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."